JOSEPH W. PALMER, RESPONDENT, v. THE PENNSYL-VANIA COMPANY, APPELLANT.

*Foreign corporation — service of the summons upon a managing agent within this State — who is to·be deemed " a managing agent" within the meaning of section 432 of the Code of Civil Procedure.*

APPEAL from an order made at a Special Term, denying a motion to set aside the service of the summons in this action upon Thomas C. Pollock, who was alleged to be a managing agent of the defendant, a foreign corporation.

The affidavit of the person serving the summons stated " that he knew the person served as aforesaid to be a managing agent of the Pennsylvania Company, mentioned and described in the said summons as defendant in this action. Deponent further says, before making such service he asked said Pollock, ' are you the agent of

the Pennsylvania Company?' To which Pollock answered, 'I am,' and further, said he did business for said company in New York city, and talked with deponent about a suit which had been brought against the company, and in which he had employed counsel. Deponent further says, that at the time of such service said defendant had a large amount of property in this State, worth at least $3,000,000, and consisting of a number of freight and refrigerator cars. Deponent further says, said defendant does a large business in this State and advertises largely, and has a number of offices in New York city for the transaction of freight business, viz.: At piers 4 and 5, new piers 27 and 28, and foot of Thirty-fifth street, North river, 435 Broadway, 1 Astor House, and 76 Wall street. Deponent further says, that the freight bills for freight brought to New York by defendant have the name of said Pollock upon them as agent."

The defendant read affidavits made by officers of the Pennsylvania Company and by Pollock, stating that each of them was familiar with the organization of the Union Line or Fast Freight Bureau in connection with the Pennsylvania Company, and had a knowledge of its agents and employees; that he was familiar with the relation existing between said Union Line and Thomas C. Pollock, for some years past; that said Pollock was the freight agent of the Pennsylvania Railroad Company in the city of New York, but, as a matter of convenience, in the transaction of certain details in connection with the business of said Union Line, such as the transmission of reports to the Pennsylvania Company or Union Line Bureau, was authorized to act in this respect for the Pennsylvania Company or Union Line Bureau; that said Pollock was paid wholly by the Pennsylvania Railroad Company, and that he was not authorized to act as agent of the Pennsylvania Company in any capacity whatever other than as above stated; that he was appointed by the Pennsylvania Railroad Company, and is subject to discharge by that company only.

Pollock also stated, in his affidavit, "that he told the person attempting to serve the same upon him as aforesaid, that he was employed by and the agent of the Pennsylvania Railroad Company."

The court at General Term, said: "There is no doubt that defendants hold Pollock out to the world as their agent in the city

of New York. It is plain that he has a large authority and within a wide field his acts are binding on defendant. The Code does not specify the extent of the agency required to bind defendants by service of process, except that the person upon whom the service is made, must be managing agent. Were the rule to be established as contended by appellants, that the agent must have charge of the whole business of the corporation, the statute would be a dead letter, for such an agency seldom, if ever exists. Every object of the service is attained when the agent served is of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made. The statute is satisfied if he be a managing agent to any extent."

*R. F. Wilkinson,* for the appellant.

*Grant B. Taylor,* for the respondent.

Opinion by PRATT, J.; DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Order affirmed, with costs and disbursements.